TMB

# United States District Court
## District of Maryland

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID HOLLAND | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** with Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: JFM-95-0195<br>USM Number:<br>Defendant's Attorney: JOSEPH BALTER, AFPD<br>Assistant U.S. Attorney: CHRISTOPHER GRAMICCIONI, UASA |

**THE DEFENDANT:**

[X] admitted guilt to violation of conditions(s) <u>Statutory Conditions; Additional Condition #2; Standard condition #2</u> of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial of guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Statutory condition | Defendant tested positive for Cocaine and Marijuana. | 11/16/05 - 5/23/06 |
| Additional condition #2 | Defendant failed to attend treatment groups. | 4/12/06 - 5/23/06 |
| Standard condition #2 | Defendant failed to report to Probation officer. | 5/30/06 |

The defendant is adjudged guilty of the violation(s) listed above and sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by <u>U.S. v. Booker</u>, 125 S. Ct. 738 (2005).

[ ] Supervised release is revoked.
[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

August 29, 2006
Date of Imposition of Judgment

J. FREDRICK MOTZ
UNITED STATES DISTRICT JUDGE

8/30/06
Date

Name of Court Reporter: Mary Zajac

DEFENDANT:     DAVID HOLLAND                           CASE NUMBER: JFM-95-0195

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____8____ months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./p.m. on _____.
   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

   ☒ before 2 p.m. on __October 2, 2006_____.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.


                                                      _____
                                                      UNITED STATES MARSHAL

                                       By:            _____
                                                      DEPUTY U.S. MARSHAL

**DEFENDANT:** DAVID HOLLAND                                        **CASE NUMBER: JFM-95-0195**

# SUPERVISED RELEASE

Upon release from imprisonment, the supervised release is terminated.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A.   STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.
2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.
3) The defendant shall not illegally use or possess a controlled substance.
4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
   ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
5) Pursuant to Pub. Law 108-405, Revised DNA Collection Requirements under the Justice for All Act of 2004, if applicable, the defendant shall cooperate in the collection of DNA while incarcerated in the Bureau of Prisons, or as directed by the probation officer.
6) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## B.   STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.